IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      CRIMINAL ACTION NO. 2:22-cr-00184

ANTHONY DEMETRO,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Revocation of Magistrate Judge Aboulhosn's Detention Order and for Reconsideration for Release on Bond* (Document 25), the *United States' Response in Opposition to Motion for Revocation of Magistrate Judge Aboulhosn's Detention Order and for Reconsideration for Release on Bond* (Document 31), and the *Defendant's Reply to the Government's Response to Defendant's Motion for Revocation of Magistrate Judge Aboulhosn's Detention Order and for Reconsideration for Release on Bond* (Document 39). For the reasons stated herein, the Court finds that the Defendant's motion should be denied.

***FACTUAL AND PROCEDURAL BACKGROUND***

The Defendant, Anthony DeMetro, was charged in a seven-count indictment, which includes five counts of violating 18 U.S.C. § 242, one count of violating 18 U.S.C. § 1512, and one count of violating 18 U.S.C. § 1001. (Document 2). If convicted of the charged offenses, the Defendant faces up to life imprisonment for aggravated sexual assault and attempted aggravated sexual abuse. 18 U.S.C. § 242. The United States alleges that Mr. DeMetro used his position as

a parole officer to make unwanted sexual advances, sexually abuse, and sexually assault women who were under his supervision. Three of these assaults took place at a residential treatment facility. When one of the victims levied allegations of sexual misconduct, Mr. DeMetro resigned from his position. The United States alleges that he attempted to stymie investigations into his conduct by repeatedly lying to investigators and coercing his victims.

Although it is not alleged in the indictment, during the detention hearing the Assistant United States Attorney proffered that the United States has evidence of additional sexual harassment and sexual assault perpetrated by the Defendant against at least three other victims. She also proffered that the Defendant threatened his victims with physical violence if they reported his misconduct.

The Pretrial Services Report indicates that Mr. DeMetro has lived in the Southern District of West Virginia for seven years. He shares a home with his wife, Stephanie DeMetro. He maintains regular contact with his stepsisters and half-sister.  He is 44 years old and suffers multiple health issues requiring medication and a loop recorder for cardiac issues.   He has recently suffered a stroke.  His employment as a parole officer began in 2018 and ended in 2021, in part due to the events central to this matter.   He has no previous criminal convictions.

Mr. DeMetro's wife, Ms. Stephanie DeMetro, testified during his detention hearing. She indicated that she was willing to serve as a third-party custodian.   She states that she removed all firearms from their home but is unsure how many were removed.   Ms. DeMetro testified that she had no awareness of Mr. DeMetro's alleged conduct until the arrest.

Magistrate Judge Aboulhosn found, by clear and convincing evidence, that the Defendant did not pose a flight risk, but that there was no condition or combination of conditions of release that would reasonably assure the safety of any other person and the community.

## *STANDARD OF REVIEW*

This Court reviews Judge Aboulhosn's detention order de novo, pursuant to 18 U.S.C. § 3145(a)(1); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release."). Review of a magistrate detention order is to be "determined promptly." *Id.*

Pursuant to 18 U.S.C. § 3142(b), the Court must order the defendant released on personal recognizance or unsecured bond, subject to certain conditions, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The factors to be considered include: "(1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. Stewart*, 19 F. App'x at 48 (citing 18 U.S.C. § 3142(g)).

## *DISCUSSION*

The Defendant argues that the United States failed to prove by clear and convincing evidence that there are no conditions or combination of conditions that would assure the safety of the community. He requests that he be released on a $10,000 personal recognizance bond, and subject to home confinement. The Defendant argues that his physical health, specifically a recent stroke, prevents him from being a physical threat to the community and requires treatment outside

of detainment. (Def's Mot. at 9). The Defendant also highlights his limited criminal history and the United States' uncorroborated allegations via proffer.

The United States argues that the potential penalties, should the Defendant be convicted, are serious, that the offenses are particularly numerous and repetitious, and they involve someone in a position of law enforcement and public trust. Cases that have dealt with similar abuse of power in a position of public trust have resulted in detention before trial. E.g., *United States v. Clay*, No. 2:21-MJ-00069, 2021 WL 1553822, at *4 (S.D. W. Va. Apr. 19, 2021); *United States v. Christopher Osborne*, 2:21-cr-00152, Dkt. 8 (S.D. W.Va. Sept. 2, 2021) (detention order for a color-of-law defendant charged with sexual misconduct).

The potential sentence of life in prison reflects the seriousness of just one of Mr. DeMetro's offenses. The alleged facts, specifically the repeated abuse and assault of women who were vulnerable due to the power Mr. DeMetro possessed over them, all add to the gravity of the offense. This seriousness is further aggravated by the proffer that additional victims have come forward with allegations. This conduct shows not only a willingness to abuse authority but an utter disrespect for the law and the responsibility of authority. "[A] defendant who is alleged to have committed a crime while entrusted with the responsibility and power of law enforcement has abused trust and demonstrated disdain for the law he was charged with enforcing." *United States v. Clay*, No. 2:21-MJ-00069, 2021 WL 1553822, at *4 (S.D. W. Va. Apr. 19, 2021). Due to the nature of the alleged offenses, it seems unlikely that Mr. DeMetro is dissuaded by the law, which elevates the public's risk of harm.

Mr. DeMetro's argument that his stroke renders him incapable of being dangerous to the public ignores the allegations that he sexually abused women while suffering from serious and

chronic health conditions. It also ignores that the Defendant has threatened physical violence against his victims to silence them.

The Defendant's argument that certain conditions exist that could ensure the safety of the community is minimized by the fact that release from detention would place him in a system not unlike that in which he perpetrated his alleged abuses. Mr. DeMetro's knowledge of detention equipment and conditions would minimize any restrictions put in place to ensure the safety of others. Additionally, this Court is compelled to avoid the risk that Mr. DeMetro would abuse his release, a risk heightened because of his alleged repeated abuse of the parole system.

Lastly, although the Defendant has argued that the United States has failed to meet its burden because its evidence was merely presented through a proffer, the Court has considered this fact, relative to the weight of the evidence, balanced with the nature of the charges, the Defendant's lack of prior criminal history, his community and family ties together with the seriousness of the danger the Defendant poses to others, if released. This stage of the proceeding is not designed to be used as a discovery device, nor an adjudication of the merits. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

## *CONCLUSION*

Wherefore, after thorough review and careful consideration, the Court finds that the Defendant's release is likely to endanger the safety of other persons and, therefore, **ORDERS** that the *Defendant's Motion for Revocation of Magistrate Judge Aboulhosn's Detention Order and for Reconsideration for Release on Bond* (Document 25) be **DENIED**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:	October 18, 2022

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA