**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                CRIMINAL ACTION NO. 2:22-cr-00184

ANTHONY DEMETRO,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant's Motion for Leave to Direct the United States to File a Bill of Particulars* (Document 60), the *United States' Opposition to Defendant's Motion for Leave to Direct the United States to File a Bill of Particulars* (Document 61), and all relevant materials. For the reasons stated herein, the Court finds the motion should be denied.

The Defendant is charged in a seven-count indictment with willfully depriving victims of their fundamental right to bodily integrity in violation of 18 U.S.C. § 242; knowingly engaging in misleading conduct toward investigators in violation of 18 U.S.C. § 1512(b)(3); and knowingly and willfully making materially false statements in violation of 18 U.S.C. § 1001. The United States alleges that the Defendant abused his position as a parole officer to perpetrate bodily injury, aggravated sexual abuse, and attempted aggravated sexual abuse upon his supervised parolees. The United States further alleges that the Defendant attempted to conceal his pattern of abuse in the face of investigation.

The Defendant now moves for the United States to be ordered to identify "the approximate time of day in which the alleged acts of sexual abuse/sexual assault occurred in Counts One, Two, Three, Four, and Five of the Indictment." (Document 60) (Def Mot. at 1.)   The United States responds that there is no basis for a bill of particulars and the motion lacks merit because the indictment and the extensive discovery provided by the United States have provided sufficient notice to the Defendant.

The decision on whether to order a bill of particulars is well within the discretion of the trial court.   *U.S. v. Socy. of Indep. Gas. Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979). The Fourth Circuit has explained that "the purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense."   *U.S. v. Adams*, 335 Fed. Appx. 338, 344 (4th Cir. 2009) (unpublished) (citing *United States v. Schembari*, 484 F.2d 931, 934–35 (4th Cir.1973))

A bill of particulars "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *U.S. v. Johnson*, 48 Fed. Appx. 871, 875 (4th Cir. 2002) (unpublished) (citing *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)); *see also U.S. v. Porter*, 67 Fed. Appx. 832, 833 (4th Cir. 2003) (unpublished) (a bill of particulars is inappropriate when it sought a detailed disclosure of the government's evidence before trial).

Every count in the Indictment lists that the alleged conduct took place "on or about" a specific date.   The Defendant states that having the mere date is not enough and the *time of day* is needed to adequately respond to the United States' Request for Notice of Alibi (Document 53).

It is true that for a defendant "to be on proper notice, it will often be necessary for the government to disclose the time and place of the alleged offense." 1 C. Wright & A. Miller, *Fed. Prac. & Proc. Crim.* § 130 (5th ed.) Here, however, disclosure of the specific time of day of the alleged conduct is not necessary for proper notice or for preparation of an adequate defense. Although such a bill may certainly be helpful to the Defendant, under the circumstances presented here, it amounts to a request for evidentiary material or a preview of the government's trial evidence, well outside of the scope of a bill of particulars.

In some circumstances, defendants indicted under much broader time spans have not been entitled to a bill of particulars. *See, e.g.*, *U.S. v. Holmes*, 722 F.2d 37, 38 (4th Cir. 1983) (holding that the defendant was not entitled to a bill of particulars when the alleged acts took place "on or about" a certain month); *see also U.S. v. Beasley*, 688 F.3d 523, 533 (8th Cir. 2012) (holding that despite the indictment listing a period spanning several years, due to the unique circumstances of the charge, the defendant was "fairly informed" of the charges); *U.S. v. Lonzo*, 793 F. Supp. 57 (N.D.N.Y. 1992) (holding that a time span of more than eight months did not entitle the defendant to a bill of particulars); *U.S. v. Bozza*, 234 F. Supp. 15 (E.D. N.Y. 1964) (holding that the defendant was not entitled to know, by bill of particulars, the day he was alleged to have entered the conspiracy).

Simply put, based on the Indictment, the existing record in the case, and the circumstances of the alleged conduct, the Defendant has sufficient notice to prepare for trial.

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendant's Motion for Leave to Direct the United States to File a Bill of Particulars* (Document 60) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:      November 29, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4